**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**VERSUS**                                                                       **CRIMINAL ACTION NO. 1:04CR135-P-D**

**DONNA IRIONS**

### ORDER

This cause is before the Court on defendant Irions' Motion for Severance of Defendants [88-1]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises finds as follows, to-wit:

Defendant seeks a severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure. The Rule provides in pertinent part:

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trial of counts, sever the defendants' trial or provide any other relief that justice requires.

F.R.Cr.P. 14.

As the moving party, Irions bears the burden of establishing sufficient grounds for a severance–no easy task. The general rule is that persons indicted together should be tried together; motions for severance under Rule 14 are rarely granted. As noted in United States v. Perez:

> To obtain a severance under Rule 14, the movants have the burden of convincing the Court that without such drastic relief they would be unable to obtain a fair trial. A mere showing of some prejudice has usually been insufficient, for qualitatively it must be the most compelling prejudice against which the trial court will be unable to afford protection.

489 F.2d 51 (5th Cir. 1973) (citations omitted).

The grounds stated in Irions' motion are simply that not every defendant is alleged to have participated in every offense charged in each count of the indictment and that the cumulative nature of the evidence would prejudice her and would tend to engender confusion on the part of the jury as to Irions' role and activities in the alleged offenses.

None of the reasons articulated by Irions is sufficient to warrant a severance. The fact that there are numerous defendants or that one defendant is not charged in all counts of the indictment is insufficient to show compelling prejudice. United States v. Morrow, 537 F.2d 120, 137-38 (5th Cir. 1976), cert. Denied, 430 U.S. 957 (1977). Nor is a quantitative disparity in the evidence enough to demonstrate prejudice. United States v. Merida, 765 F.2d 1205, 1219 (5th Cir. 1985). Finally, in cases involving conspiracy charges–such as this one, the interest in judicial economy exerts strong pressure in favor of a joint trial because once the conspiracy is proven, evidence used to convict one defendant is admissible against all coconspirators. Morrow, 537 F.2d at 136.

Based on the foregoing analysis, the Court concludes that the defendant's motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Irions' Motion for Severance of Defendants [88-1] is not-well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 30th day of June, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE